**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:
CELSIUS NETWORK LLC, et al.,
Debtors.

Chapter 11

Case No. 22-10964 (MG)

(Jointly Administered)

# ADVERSARY COMPLAINT FOR DETERMINATION OF OWNERSHIP CONSTRUCTIVE TRUST, AND TURNOVER, AND FOR RELATED RELIEF

Complainant / Movant , :Mark-Rock: Higgins, appearing in personam, respectfully moves this Court for an order determining that certain digital assets are not property of the estate under 11 U.S.C. §541(d), and for turnover under §542.

## PRELIMINARY STATEMENT REGARDING SCOPE OF ISSUES

This Motion presents a threshold issue of property ownership under 11 U.S.C. §541(d).

The Debtors' anticipated and/or asserted opposition improperly reframes this matter as a claim allowance or plan distribution dispute. It is not.

Movant does not seek creditor treatment, distribution, or allowance of a claim. Movant seeks determination of ownership of specific, identifiable, and traceable assets.

Arguments relating to the Earn Order, plan confirmation, bar date, or general creditor classification do not resolve the controlling issue of whether the assets are custodial property excluded from the estate under §541(d).

Accordingly, the Court's analysis should be confined to the threshold question of ownership and traceability, and not to generalized creditor treatment arguments.

## I. THRESHOLD ISSUE — OWNERSHIP MUST BE DETERMINED FIRST

As a threshold matter, the Court must determine whether the digital assets at issue constitute property of the estate under 11 U.S.C. §541 before any creditor classification, plan treatment, or distribution analysis may proceed.

If the assets are not estate property, the Debtors' objection, bar date, and plan provisions do not apply.

## II. FACTUAL BACKGROUND

Movant maintained a Celsius account containing identifiable digital assets.

Account records reflect holdings including:

- USDC
- PAX Gold (PAXG)
- CEL Token

**PAX Gold** represents:

**1 token = 1 fine troy ounce of physical gold held in custody**

Supporting evidence includes:

Exhibit A – Account screenshot
Exhibit B – Stretto correspondence
Exhibit C – Account verification
Exhibit D – Transaction history

## III. IDENTIFIABLE AND TRACEABLE ASSETS

The assets at issue are:

✔ identifiable
✔ traceable
✔ attributable to Movant

Traceability is supported through:

- internal account ledgers
- transaction history
- platform records

Even where commingling exists, tracing doctrines apply.

## IV. NATURE OF THE ASSET — TOKENIZED COMMODITY

**PAX Gold** is **not a speculative crypto asset.**

It is a **tokenized commodity instrument,** functioning as:

- a **warehouse receipt**
- a **custodial bullion certificate**

Under commodity and warehouse law:

- commingling does not destroy ownership
- depositors retain proportional ownership

## V. CUSTODY, NOT OWNERSHIP

The Debtors acted as custodians or bailees.

Under bailment principles:

- possession does not equal ownership
- custodians do not acquire beneficial title

## VI. TERMS OF SERVICE DO NOT TRANSFER OWNERSHIP

The Debtors rely on Terms of Service to assert ownership transfer.

That argument fails.

A contract cannot:

- convert custodial property into owned property
- override property law
- transfer ownership absent equitable title

Under 11 U.S.C. §541(d), equitable ownership controls.

## VII. FRAUDULENT INDUCEMENT AND RESCISSION

The fraudulent conduct of Celsius's founder, Alex Mashinsky, has been adjudicated, including findings that customers were misled regarding the safety and use of their assets and that the CEL token was manipulated.

Movant relies on those **adjudicated facts**.

Movant deposited and maintained assets in reliance on those representations. Accordingly, any purported transfer of ownership is voidable, and Movant elects rescission.

Upon rescission:

- Debtors retain only legal title
- no equitable ownership exists

Under §541(d), such assets are excluded from the estate.

## VIII. FAILURE OF PROOF

The Debtors bear the burden of establishing estate ownership.

They have failed to produce:

- ledger mapping
- wallet allocation records
- custody documentation
- tracing analysis

Without such evidence, the Court cannot conclude the assets belong to the estate.

## IX. DISPUTED MATERIAL FACTS REQUIRE HEARING

Material factual disputes exist regarding:

- custody vs loan
- traceability
- wallet structure
- asset classification

Under Bankruptcy Rule 9014, resolution on the papers is improper.

An evidentiary hearing and discovery are required.

## X. LEGAL STANDARD

Under 11 U.S.C. §541(d):

Property in which the debtor holds only legal title and not equitable ownership is not property of the estate.

Under §542:

Such property must be returned.

## XI. CONCLUSION

Because the assets are:

✔ identifiable
✔ traceable
✔ custodial in nature

the Debtors lack equitable ownership.

Accordingly:

- the assets are not estate property
- they must be segregated and identified
- they must be returned under §542

## XII. REQUEST FOR RELIEF

Movant respectfully requests that the Court:

1. Determine that the assets are not property of the estate under §541(d);
2. Order identification and segregation of such assets;
3. Order production of ledger and custody records;
4. Order turnover under §542;
5. Alternatively, set this matter for evidentiary hearing and permit discovery.

/s/: *Mark-Rock: Higgins .*
Respectfully submitted,
:Mark-Rock: Higgins
Creditor / Movant

# EXHIBITS

Exhibit A – Account screenshot
Exhibit B – Stretto correspondence
Exhibit C – PROOF OF CLAIM
Exhibit D – Transaction history

From: Mark Higgins <rockzz7@icloud.com>
Subject: Celsius Screenshot
Date: April 10, 2026 at 1:08:27 PM MST
To: Mark Higgins <rockzz7@icloud.com>
Bcc: rockzz7@icloud.com

**EXHIBIT A**



# EXHIBIT B

Dear MARK HIGGINS,
THIS NOTICE HAS ALSO BEEN MAILED TO YOUR ADDRESS ON FILE.
You are receiving this notice as Celsius has held back your claim distribution due to issues which may include, but are not limited to:

- Celsius requires updated "Know Your Customer" (KYC) information
- Celsius requires updated Taxpayer Identification Number (TIN) information
- Missing email address

Celsius has previously attempted to send you an email in an attempt to resolve outstanding issues related to your claim distribution.

Please initiate a creditor support inquiry by visiting **https://celsiusdistribution.stretto.com/support/tickets/new** and selecting the following form options:

- "**I need to update my Personal Information**" and
- **"I was sent a request to provide more information (ex. TIN/SSN or KYC/ID)"**

If you also need to update your email address, **please notify** us in your support inquiry.

**The compliance team will investigate your inquiry and attempt to resolve the compliance issue holding back your claim distribution. Once this has been completed, you will either automatically be assigned a distribution partner or Celsius will reach out with additional information.**

**Stay alert for phishing attempts**
Celsius or its advisors will never contact you directly by phone, text message, or social media to request account or personal information absent an order or on-the-record instruction by the Court.

Celsius Distribution Support

# EXHIBIT C

**Exhibit** C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**In re:** Celsius Network LLC, et al.
**Chapter 11 – Case No. 22-10964 (MG)**
(Jointly Administered)

PROOF OF CLAIM – JUDGMENT-INTEGRATED PACKET

**Claimant:** Mark Rock Higgins d/b/a Higgins Family Trust
This Proof of Claim is submitted without assent to any undisclosed, private, or third■party Terms and Conditions imposed by any claims agent or intermediary.

## Addendum A – Statement of Claim Basis

On December 19, 2022, the United States District Court for the Southern District of New York entered a final Article III CIVIL JUDGMENT in favor of Claimant in Case No. 22■CV■9714 (LTS), SO ORDERED by Chief Judge Laura Taylor Swain. The judgment adjudicated obligations between Claimant and corporate/legal■person entities and resolved those obligations in Claimant's favor. The judgment is supported by an Exemplification Certificate of Verification and was entered prior to the Celsius bankruptcy petition. Claimant does not seek enforcement in violation of the automatic stay but submits this claim for recognition, allowance, characterization, and preclusive effect only.

## Addendum B – Reservation of Rights and Non■Assent

Claimant submits this Proof of Claim reserving all rights and objections. No waiver, release, arbitration agreement, limitation of liability, or implied consent is intended or shall be inferred. Claimant expressly rejects any attempt to re■impose adjudicated obligations or require assent to platform■based agreements inconsistent with the pre■petition Article III judgment.

## Addendum C – Pre■Petition Judgment Preclusion Notice

Claimant gives notice that the Article III civil judgment entered in Case No. 22■CV■9714 (LTS) is final, non■appealable, and entitled to full faith and credit. Issues actually litigated and necessarily decided therein are subject to issue preclusion in this Chapter 11 proceeding. No bankruptcy procedure may contravene that adjudication.

# EXHIBIT D

Celsius

Your verification code is: **636957**

If you are having issues with your account, please submit a ticket to Celsius Distributions Support.

**For more information, visit our Knowledge Base**
This resource is integrated with the support ticketing system and contains comprehensive information on distributions and answers to frequently asked questions. For court updates, visit cases.stretto.com/celsius.

**Stay alert for phishing attempts**
Celsius or its advisors will never (i) request that you connect your wallet to receive your distribution or (ii) contact you directly by phone, text message, or social media to request account or personal information absent an order or on-the-record instruction by the Court.

Celsius

© 2025 Celsius Network LLC
How to Contact Celsius

**CERTIFICATE OF SERVICE**
**Clerk of the Court E-File Notice**
**KIRKLAND & ELLIS LLP**
601 LEXINGTON AVENUE
NEW YORK NEW YORK 10022
JOSHUA.SUSSBERG@KIRKLAND.COM

*/s/: Mark-Rock: Higgins .*