: Mark-Rock: Higgins
~10642 WEST SOUTHERN
TOLLESON, [~ARIZONA][~85353]

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re:
In re Celsius Network LLC et al.,
Debtors.

Chapter 11

Case No. 22-10964 (MG)

:MARK-ROCK: HIGGINS,
Plaintiff,

v.

CELSIUS NETWORK LLC, et al.,
Defendants.

Adversary Proceeding No. **26-01028**

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

## PRELIMINARY RESPONSE STATEMENT

Plaintiff respectfully submits this Opposition to Defendants' Motion to Dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, as incorporated through Bankruptcy Rule 7012.

For purposes of a motion to dismiss, the Court must accept Plaintiff's factual allegations as true and draw reasonable inferences in Plaintiff's favor.

The Motion should be denied because Plaintiff plausibly alleges:

- exclusion from estate property under 11 U.S.C. §541(d);
- fraud-induced rescission;
- traceable custodial property interests; and
- unresolved ownership disputes requiring factual determination.

# I. THE MOTION TO DISMISS IMPROPERLY COLLAPSES A DISTINCT OWNERSHIP DISPUTE INTO GENERALIZED EARN ACCOUNT LITIGATION

The Motion to Dismiss improperly assumes that the Earn Order conclusively resolved all future disputes concerning all digital assets deposited into the Earn Program under every possible legal theory.

It did not.

The Earn Order addressed generalized Earn Program treatment under ordinary contractual assumptions.

The present proceeding asserts materially distinct ownership theories grounded in:

- custodial commodity characterization;
- fraud-induced rescission;
- constructive trust; and
- identifiable traceable ownership interests.

Accordingly, the present proceeding cannot be dismissed merely through generalized reference to prior Earn Program rulings.

The present proceeding asserts materially distinct issues including:

- fraud-induced rescission;
- tokenized bullion custody;
- constructive trust;
- traceable ownership; and
- exclusion from the estate under 11 U.S.C. §541(d).

Those issues were never actually adjudicated as applied to Movant's PAX Gold holdings.

Accordingly, dismissal under Rule 12(b)(6) is improper.

## II. THE COURT MUST DETERMINE WHETHER EQUITABLE OWNERSHIP EVER VALIDLY TRANSFERRED

This proceeding presents a threshold ownership dispute under 11 U.S.C. §541(d).

Before creditor classification, plan treatment, discharge analysis, or claims-bar enforcement may occur, the Court must determine whether the Debtors ever validly obtained equitable ownership of the assets at issue.

Movant does not seek generalized creditor recovery.

Movant asserts exclusion from the estate.

If the Debtors possessed only bare legal title without equitable ownership, the assets never fully entered the estate under §541(d).

That issue was not resolved merely by generalized Earn Program rulings.

Whether equitable ownership ever validly transferred is a threshold issue logically preceding:

- creditor treatment;
- plan enforcement;
- discharge analysis; or
- claims administration.

If the assets never fully entered the estate under §541(d), then plan-based creditor provisions cannot independently create estate ownership where none existed.

## III. PAX GOLD IS MATERIALLY DISTINCT FROM ORDINARY CRYPTOCURRENCY DEPOSITS

PAX Gold ("PAXG") is not merely speculative cryptocurrency.

Each PAXG token represents:

one fine troy ounce of physical gold held in custody.

Accordingly, PAXG functions analogously to:

- warehouse receipts;
- custodial bullion certificates; and
- commodity storage interests.

Under UCC §7-207 and longstanding warehouse-law principles:

- commingling does not destroy ownership;
- depositors retain proportional ownership interests; and
- custodians do not acquire beneficial title merely through possession.

The United States Supreme Court recognized analogous principles in:

Union Trust Co. v. Wilson

where possession by a warehouse or custodian did not itself transfer ownership of deposited property.

The Motion to Dismiss fails to address this materially distinct custodial commodity framework.

## IV. FRAUD-INDUCED RESCISSION PREVENTS DISMISSAL AS A MATTER OF LAW

The Motion to Dismiss assumes that the Terms of Use conclusively transferred equitable ownership.

However, Plaintiff alleges fraud-induced rescission.

Under the longstanding equitable maxim:

### *Fraus omnia vitiat*
### ("Fraud vitiates everything.")

rights arising from fraud-induced transactions are voidable in equity.

Plaintiff relied upon materially misleading representations concerning:

- Celsius solvency;

- customer asset safety;
- CEL token support; and
- platform integrity.

Subsequent criminal proceedings involving Alex Mashinsky established materially misleading conduct and market manipulation concerning Celsius operations and the CEL token market.

Accordingly:

- any purported transfer of equitable ownership is voidable;
- Plaintiff elects rescission; and
- the Debtors retain, at most, bare legal title.

At minimum, these allegations create factual disputes unsuitable for dismissal under Rule 12(b)(6).

At the pleading stage, Plaintiff is not required to conclusively prove rescission or ownership.

Rather, Plaintiff need only plausibly allege facts which, if proven, could establish exclusion from the estate under §541(d).

Plaintiff has done so.

## V. TRACEABILITY AND FAILURE OF PROOF PRECLUDE DISMISSAL

Plaintiff alleges that the assets remain identifiable and traceable through:

- internal ledgers;
- account records;
- transaction histories; and
- wallet allocation data.

The Debtors have failed to produce:

- wallet mapping;
- custody records;

- tracing analysis; or
- account-level allocation documentation.

Without such evidence, the Court cannot determine equitable ownership as a matter of law.

Dismissal prior to limited discovery would therefore be improper.

Because the Debtors maintain exclusive possession and control of the relevant custody and ledger records, dismissal before discovery would improperly prevent factual development concerning ownership, tracing, and allocation.

## VI. THE MOTION IMPROPERLY RELIES UPON CLAIMS-BAR AND PLAN DISTRIBUTION PRINCIPLES

The Motion repeatedly invokes:

- bar dates;
- plan treatment;
- class settlement provisions; and
- creditor-distribution procedures.

Those doctrines govern claims against the estate.

Plaintiff asserts exclusion from the estate.

Property that never validly entered the estate under §541(d) is not transformed into estate property merely through plan confirmation or creditor classification procedures.

## VII. EVIDENTIARY HEARING AND DISCOVERY ARE REQUIRED

Material factual disputes exist concerning:
- custodial characterization;
- fraud-induced rescission;
- equitable ownership;
- traceability;
- wallet allocation; and
- commingling analysis.

Accordingly, resolution upon the pleadings alone would be improper.

Plaintiff respectfully requests:

- denial of the Motion to Dismiss;
- limited discovery;
- Rule 2004 examination, including production of:
  - internal wallet allocation records;
  - custody documentation;
  - blockchain tracing analysis;
  - internal ledger mapping; and
  - account-level allocation records;
- and evidentiary hearing.

## VIII. CONCLUSION

The Motion to Dismiss improperly attempts to treat Plaintiff's adversary proceeding as merely another generalized Earn Account recovery claim.

It is not.

This proceeding presents unresolved issues concerning:

- tokenized bullion custody;
- fraud-induced rescission;
- constructive trust;
- traceable ownership; and
- exclusion from the estate under 11 U.S.C. §541(d).

Those issues were never actually adjudicated as applied to Plaintiff's PAX Gold holdings.

At minimum, Plaintiff has plausibly alleged facts sufficient to require factual development concerning:

- equitable ownership;
- custody structure;
- traceability; and
- rescission.

Accordingly, dismissal under Rule 12(b)(6) would be improper.
Plaintiff respectfully requests that the Court:
- deny the Motion to Dismiss;
- permit limited discovery;
- permit Rule 2004 examination;
- schedule evidentiary hearing; and
- grant such further relief as justice requires.

Respectfully submitted,

*/s/:Mark-Rock: Higgins*
Plaintiff / Movant

# NOTICE OF FILING

: Mark-Rock: Higgins
~10642 WEST SOUTHERN
TOLLESON, [~ARIZONA][~85353]

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:
In re Celsius Network LLC et al.,
Debtors.

Chapter 11
Case No. 22-10964 (MG)

MARK ROCK HIGGINS,
Plaintiff,

v.

CELSIUS NETWORK LLC, et al.,
Defendants.

Adversary Proceeding No. 26-01028

## NOTICE OF FILING OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

PLEASE TAKE NOTICE that Plaintiff Mark Rock Higgins hereby files Plaintiff's Opposition to Motion to Dismiss in the above-captioned adversary proceeding.

Dated: May 17, 2026

Respectfully submitted,

*/s/:Mark-Rock: Higgins*
Plaintiff / Movant

## CERTIFICATE OF SERVICE

: Mark-Rock: Higgins
~10642 WEST SOUTHERN
TOLLESON, [~ARIZONA][~85353]

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

In re:
In re Celsius Network LLC et al.,
Debtors.

Chapter 11
Case No. 22-10964 (MG)

MARK ROCK HIGGINS,
Plaintiff,

v.

CELSIUS NETWORK LLC, et al.,
Defendants.

Adversary Proceeding No. **26-01028**

## CERTIFICATE OF SERVICE

I, :Mark-Rock: Higgins, certify under penalty of perjury that on this <u>17th</u> day of <u>May</u>, 2026, I caused true and correct copies of the following documents to be served:

- Plaintiff's Opposition to Motion to Dismiss;
- Notice of Filing;
- Proposed Order; and
- Certificate of Service

upon counsel for Defendants through the Court's CM/ECF system and/or by electronic mail addressed to counsel appearing in this adversary proceeding, including counsel for the Debtors at:

**KIRKLAND & ELLIS LLP**
Counsel for Celsius Network LLC, et al.

and upon any additional parties entitled to notice.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 5/17/2026

Respectfully submitted,

*/s/: Mark-Rock: Higgin*s
Plaintiff / Movant

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: PROPOSED ORDER
In re Celsius Network LLC et al.,
Debtors.

Chapter 11
Case No. **22-10964 (MG)**

MARK ROCK HIGGINS,
Plaintiff,

**ORDER DENYING**

v.

CELSIUS NETWORK LLC, et al.,
Defendants.

**MOTION TO DISMISS**

Adversary Proceeding No. **26-01028**

Upon consideration of Defendants' Motion to Dismiss and Plaintiff's Opposition thereto, and the Court having reviewed the record and determined that unresolved factual and legal issues remain concerning:

- equitable ownership;
- traceability;
- custodial characterization;
- fraud-induced rescission; and
- exclusion from the estate under 11 U.S.C. §541(d),

IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss is DENIED;

2. Plaintiff shall be permitted limited discovery concerning:

   ○ wallet allocation records,

   ○ custody documentation,

   ○ tracing analysis,

- ○ internal ledger mapping,

- ○ and account-level allocation records

3. Plaintiff may seek Rule 2004 examination consistent with further order of the Court; and

4. The Court shall schedule further proceedings and/or evidentiary hearing as appropriate.


SO ORDERED.

Dated: _____


/s/:_____
HON. MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE