: Mark-Rock: Higgins
~10642 WEST SOUTHERN
TOLLESON, [~ARIZONA][~85353]
~rockzz7@icloud.com

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re:

CELSIUS NETWORK LLC, et al.,

Debtors.

Chapter 11
Case No. 22-10964 (MG)

| | | |
|---|---|---|
| MARK ROCK HIGGINS, | ) | **Adversary Proceeding No. 26-01028** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CELSIUS NETWORK LLC, et al., | ) | |
| Defendants. | ) | |

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW
## IN SUPPORT OF RULE 2004 EXAMINATION,
## LIMITED DISCOVERY, EVIDENTIARY HEARING,
## AND DENIAL OF DISMISSAL

Plaintiff Mark Rock Higgins ("Plaintiff"), appearing pro se, respectfully submits this Supplemental Memorandum of Law in support of Plaintiff's pending requests for limited discovery, Rule 2004 examination, evidentiary hearing, and denial of Defendants' Motion to Dismiss, and states as follows:

### I. PRELIMINARY STATEMENT

This adversary proceeding presents unresolved factual and legal disputes concerning:

• equitable ownership;
• fraud-induced rescission;
• tokenized bullion custody;
• constructive trust;
• traceability;
• and exclusion from estate property under 11 U.S.C. §541(d).

Plaintiff does not seek generalized creditor treatment or ordinary plan distribution.

Rather, Plaintiff asserts a distinct ownership dispute concerning identifiable and traceable digital assets, including PAX Gold ("PAXG"), which Plaintiff alleges remained custodial in nature and never validly transferred into equitable estate ownership.

Accordingly, factual development is required before dismissal or ownership determination may properly occur.

## II. FRAUD-INDUCED RESCISSION AND EQUITABLE OWNERSHIP REQUIRE FACTUAL DEVELOPMENT

Federal courts recognize that fraud-induced transactions may be rescinded in equity and that property obtained through materially misleading conduct may remain subject to constructive trust and restitution principles.

Under longstanding equitable doctrine:

"Fraud vitiates everything it touches."

Where fraud prevents valid transfer of equitable ownership, the debtor may retain, at most, bare legal title insufficient to bring such property fully into the bankruptcy estate under 11 U.S.C. §541(d).

See:
*Begier v. IRS, 496 U.S. 53 (1990*)
    (recognizing that property held in trust for another does not become property of the estate).

Plaintiff alleges that materially misleading representations concerning:
• Celsius solvency;
• customer asset safety;
• CEL token support;
• liquidity;
• and platform integrity
induced Plaintiff's continued maintenance and retention of assets upon the Celsius platform.

Subsequent criminal proceedings involving Alex Mashinsky established materially misleading conduct and manipulation concerning Celsius operations and the CEL token's marketing evaluations.

Accordingly:

• Plaintiff plausibly alleges fraud-induced rescission;
• Plaintiff elects rescission of any purported transfer of equitable ownership;
• and unresolved factual disputes remain concerning whether equitable ownership ever validly transferred.

Those issues cannot properly be resolved solely upon generalized Earn Program assumptions.


## III. RULE 12(b)(6) DOES NOT PERMIT RESOLUTION OF UNRESOLVED OWNERSHIP DISPUTES

At the pleading stage, the Court must accept Plaintiff's factual allegations as true and draw reasonable inferences in Plaintiff's favor.

See:
*Ashcroft v. Iqbal, 556 U.S. 662 (2009);*

*Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007*).

Dismissal is improper where plausible factual allegations establish unresolved disputes concerning:

• ownership;
• rescission;
• traceability;
• constructive trust;
• and exclusion from estate property.

Plaintiff plausibly alleges that:

• PAX Gold constitutes a custodial commodity-based instrument;
• Plaintiff's assets remain traceable;
• equitable ownership remains disputed;
• and the Debtors possess exclusive control over the relevant custody and allocation records.

Accordingly, dismissal prior to factual development would be improper.


## IV. PAX GOLD PRESENTS A DISTINCT CUSTODIAL COMMODITY ISSUE

PAX Gold materially differs from ordinary speculative cryptocurrency deposits.

Each PAXG token represents:

one fine troy ounce of physical gold held in custody.

Accordingly, PAXG functions analogously to:

• warehouse receipts;
• bullion custody certificates;
• and custodial commodity interests.

Under UCC §7-207 and longstanding warehouse-law principles:

• commingling does not destroy ownership;
• depositors retain proportional ownership interests;
• and custodians do not acquire beneficial title merely through possession.

The United States Supreme Court recognized analogous principles in:

Union Trust Co. v. Wilson

where possession by a warehouse or custodian did not itself transfer ownership of deposited property.

Accordingly, generalized Earn Program rulings do not independently resolve Plaintiff's distinct custodial commodity and equitable ownership claims.

## V. RULE 2004 EXAMINATION AND DISCOVERY ARE NECESSARY

The Debtors maintain exclusive possession and control of the relevant:

• wallet allocation records;
• tracing analysis;
• internal ledger mapping;
• custody documentation;

• and account-level ownership records.

Without production of those materials, Plaintiff cannot fully establish:

• traceability;
• custody characterization;
• beneficial ownership;
• or allocation.

Likewise, the Court cannot conclusively determine equitable ownership as a matter of law.

Rule 2004 examination is therefore warranted concerning:

• wallet structures;
• tracing methodologies;
• custody systems;
• allocation records;
• commingling practices;
• and PAX Gold custody treatment.

## VI. EVIDENTIARY HEARING IS REQUIRED

Material factual disputes exist concerning:

• custody versus ownership;
• traceability;
• rescission;
• constructive trust;
• commingling;
• and beneficial ownership.

Accordingly, resolution solely upon pleadings would be improper.

An evidentiary hearing is necessary to permit:

• factual development;
• examination of custody structures;
• evaluation of tracing evidence;
• and determination of equitable ownership.

## VII. CONCLUSION

Plaintiff has plausibly alleged unresolved disputes concerning:

• fraud-induced rescission;
• tokenized bullion custody;
• traceable ownership;
• constructive trust;
• and exclusion from estate property under 11 U.S.C. §541(d).

Those issues were not conclusively resolved through generalized Earn Program rulings.

Because the Debtors possess exclusive control over the relevant tracing and custody records, factual development is required before ownership may properly be determined.

Accordingly, Plaintiff respectfully requests that the Court:

1. deny dismissal;
2. permit limited discovery;
3. authorize Rule 2004 examination;
4. order production of custody and tracing records;
5. schedule evidentiary hearing;
6. permit supplementation of the record following discovery; and
7. grant such further relief as justice requires.

Dated: May 17th, 2026

Respectfully submitted,

*/s/:Mark-Rock: Higgins*

Plaintiff / Movant

# NOTICE OF FILING

: Mark-Rock: Higgins
~10642 WEST SOUTHERN
TOLLESON, [~ARIZONA][~85353]

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:
In re Celsius Network LLC et al.,
Debtors.

Chapter 11
Case No. 22-10964 (MG)

MARK ROCK HIGGINS,
Plaintiff,

v.

CELSIUS NETWORK LLC, et al.,
Defendants.

Adversary Proceeding No. 26-01028

## NOTICE OF FILING OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

PLEASE TAKE NOTICE that Plaintiff Mark Rock Higgins hereby files Plaintiff's Opposition to Motion to Dismiss in the above-captioned adversary proceeding.

Dated: May 17, 2026

Respectfully submitted,

*/s/:Mark-Rock: Higgins*
Plaintiff / Movant

# CERTIFICATE OF SERVICE

: Mark-Rock: Higgins
~10642 WEST SOUTHERN
TOLLESON, [~ARIZONA][~85353]

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:
In re Celsius Network LLC et al.,
Debtors.

Chapter 11
Case No. 22-10964 (MG)

MARK ROCK HIGGINS,
Plaintiff,

v.

CELSIUS NETWORK LLC, et al.,
Defendants.

Adversary Proceeding No. **26-01028**

## CERTIFICATE OF SERVICE

I, :Mark-Rock: Higgins, certify under penalty of perjury that on this <u>17th</u> day of <u>May</u>, 2026, I caused true and correct copies of the following documents to be served:

- Plaintiff's Opposition to Motion to Dismiss;
- Notice of Filing;
- Proposed Order; and
- Certificate of Service

upon counsel for Defendants through the Court's CM/ECF system and/or by electronic mail addressed to counsel appearing in this adversary proceeding, including counsel for the Debtors at:

### KIRKLAND & ELLIS LLP
Counsel for Celsius Network LLC, et al.

and upon any additional parties entitled to notice.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 5/17/2026

Respectfully submitted,

*/s/: Mark-Rock: Higgin*s
Plaintiff / Movant

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**


In re: [PROPOSED ORDER]
In re Celsius Network LLC et al.,
Debtors.

Chapter 11
Case No. **22-10964 (MG)**


MARK ROCK HIGGINS,                                    Adversary Proceeding No. **26-01028**
Plaintiff,

[PROPOSED ORDER]
**ORDER DENYING**

v.
CELSIUS NETWORK LLC, et al.,                          **MOTION TO DISMISS**
Defendants.

Upon consideration of Defendants' Motion to Dismiss and Plaintiff's Opposition thereto,

and the Court having reviewed the record and determined that unresolved factual and

legal issues remain concerning:


- equitable ownership;

- traceability;

- custodial characterization;

- fraud-induced rescission; and

- exclusion from the estate under 11 U.S.C. §541(d),


IT IS HEREBY ORDERED that:


1.  Defendants' Motion to Dismiss is DENIED;

2.  Plaintiff shall be permitted limited discovery concerning:

- ○ wallet allocation records,
- ○ custody documentation,
- ○ tracing analysis,
- ○ internal ledger mapping,
- ○ and account-level allocation records

3. Plaintiff may seek Rule 2004 examination consistent with further order of the Court; and

4. The Court shall schedule further proceedings and/or evidentiary hearing as appropriate.

SO ORDERED.

Dated: _____

/s/:_____
HON. MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE